# EXHIBIT A

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA
## CIVIL DIVISION

| | |
|---|---|
| HADARI COHEN, as Personal Representative of the Estate of SHIRLEY COHEN, | CASE NO.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR WRONGFUL DEATH/SURVIVAL** |
| KEY AUTOMOTIVE OF FLORIDA, LLC f/k/a KEY AUTOMOTIVE OF FLORIDA, INC.; and | **PRODUCTS LIABILITY** |
| KEY SAFETY SYSTEMS, INC. d/b/a JOYSON SAFETY SYSTEMS, | **(Jury Trial Demanded)** |
| Defendants. | |

## COMPLAINT

COMES NOW PLAINTIFF, HADARI COHEN (hereinafter "Plaintiff"), by and through the undersigned Counsel of Record and pursuant to the Florida Rules of Civil Procedure, and files this Complaint against the above-named Defendants, KEY AUTOMOTIVE OF FLORIDA, LLC f/k/a KEY AUTOMOTIVE OF FLORIDA, INC. ("KEY AUTOMOTIVE"); and KEY SAFETY SYSTEMS, INC. d/b/a JOYSON SAFETY SYSTEMS ("JOYSON SYSTEMS") (collectively "DEFENDANTS"), showing the Court as follows:

## NATURE OF THE ACTION

1.      This is a civil action arising out of the death of Shirley Cohen ("Ms. Cohen") that occurred on Tsviya Ve-Yitshak Street in the direction of Dagan Street (near Gilo Park) in Jerusalem, Israel, on May 11, 2020, following a foreseeable automobile collision. The severity of the collision was

1

so minor as to cause little to no damage to the other vehicle involved and only minor damage to the hood, bumper, and grill of Ms. Cohen's vehicle.

  

2.      During the collision, the driver's airbag in Ms. Cohen's vehicle deployed. Upon deployment, the KEY AUTOMOTIVE ADI-D driver's airbag inflator in her 2011 Alfa Romeo Giulietta X Distinctive, (VIN) ZAR94000007132337 (hereinafter the "Subject Vehicle") ruptured. The rupture of the KEY AUTOMOTIVE ADI-D inflator was so severe it seperated the airbag module from the steering wheel during deployment of the driver's airbag.

 

3.      Upon rupture, the internal components of the KEY AUTOMOTIVE ADI-D inflator were propelled throughout the Subject Vehicle's interior with multiple pieces striking Ms. Cohen.

  

4.      Ms. Cohen suffered multiple injuries as a result of the rupture of the KEY AUTOMOTIVE ADI-D inflator, which ultimately proved fatal. These injuries included frontal bone fracture, with extensive bone loss and penetration of bone fragments into the anterior brain, and scattered cerebral bleeding. In addition, she suffered frontal herniation into the foramen magnum, with severe cerebral oedema and a left elbow fracture. Ms. Cohen died as a result of her injuries on May 18, 2020.

5.      Plaintiff brings a survival action for damages sustained by Ms. Cohen prior to her death, including, but not limited to, physical pain and suffering, mental anguish, and financial loss, and a wrongful death action for damages suffered by the Estate of Shirley Cohen as a result of Ms. Cohen's death, as well as a request for punitive damages.

## **FACTUAL ALLEGATIONS**

6.      Upon information and belief, the Subject Vehicle was designed, manufactured, assembled, inspected, tested, equipped, marketed and distributed by Alpha Romeo in the year 2011.

7.      As originally designed, manufactured, assembled, inspected, tested, equipped, marketed and distributed, the Subject Vehicle contained a driver's side airbag module sold or supplied to Alpha Romeo by JOYSON SYSTEMS.

8.      As originally designed, manufactured, assembled, inspected, tested, equipped, marketed, and distributed, the Subject Vehicle's JOYSON SYSTEMS-supplied driver's side airbag module contained a component known as an inflator.

9.      The inflator is the device that produces the gas necessary to fill the airbag cushion during a collision involving the deployment of the airbags.

10.     As originally designed, manufactured, assembled, inspected, tested, equipped, marketed and distributed, the Subject Vehicle's JOYSON SYSTEMS driver's side airbag module contained a specific inflator manufactured and assembled by KEY AUTOMOTIVE and known to Alpha Romeo as an ADI-D driver inflator.

11.     The KEY AUTOMOTIVE ADI-D is a pyrotechnic two-stage inflator. The KEY AUTOMOTIVE ADI-D inflator was launched in 2007 from Defendants' Lakeland, Florida facilities. The KEY AUTOMOTIVE ADI-D inflator is a two-stage design that allows the inflator output to be varied according to the severity of the crash. The KEY AUTOMOTIVE ADI-D inflator utilizes dual generant formulations, 5AT in Stage 1 and Nitroguanidine in Stage 2.



12.     As originally designed, manufactured, assembled, inspected, tested, equipped, marketed and distributed, the Subject Vehicle's JOYSON SYSTEMS driver's side airbag module contained a

KEY AUTOMOTIVE ADI-D inflator manufactured and assembled in 2011 by KEY AUTOMOTIVE at its facilities in Lakeland, Florida.

13.     Upon information and belief, prior to the collision date of May 11, 2020, there were no substantial alterations or modifications to the Subject Vehicle's airbag safety system, including the JOYSON SYSTEMS driver's side airbag module or the KEY AUTOMOTIVE ADI-D inflator, which changed the purposes for which it was used from those for which it was originally designed, tested or intended by the Defendants.

14.     Upon information and belief, the JOYSON SYSTEMS driver's side airbag module and the KEY AUTOMOTIVE ADI-D inflator were in the same condition as when they left the hands of the Defendants and entered into the stream of commerce.

15.     Upon information and belief, KEY AUTOMOTIVE is a subsidiary of JOYSON SYSTEMS and, in addition to the JOYSON SYSTEMS driver's side airbag module, JOYSON SYSTEMS was also involved in designing, marketing, supplying and distributing the KEY AUTOMOTIVE ADI-D inflator.

16.     On May 11, 2020, Ms. Cohen was operating her 2011 Alfa Romeo Giulietta X Distinctive when she inadvertently rear-ended the vehicle in front of her, causing her to become involved in a foreseeable, low speed crash (hereinafter the "Incident" that forms the basis of this Complaint).

17.     The Incident resulted in collision forces sufficient enough to cause commanded deployment of both the driver's and passenger's airbags.

18.     Instead of the controlled lifesaving deployment as required in such circumstances, the Incident resulted in the unexpected, overly volatile  rupture of the driver's side KEY AUTOMOTIVE ADI-D airbag inflator in the Subject Vehicle.

19.    During the Incident, the Subject Vehicle's driver's side KEY AUTOMOTIVE ADI-D airbag inflator housing ruptured due to excessive internal pressures, which resulted in the internal parts of the inflator being propelled throughout the vehicle, some of which struck Ms. Cohen.

20.    At the scene of the Incident, Ms. Cohen suffered conscious pain and suffering and was placed on laryngeal mask airway ventilation and ultimately transported by ambulance to Shaare Zedek Medical Center, in Jerusalem.

21.    Upon arrival in the emergency room, Ms. Cohen presented with severe brain injury, brain herniation, severe skull fracture, and left arm fracture.  A whole-body CT revealed: frontal skull fracture, with penetration of bone fragments into the anterior brain, scattered cerebral bleeding, tonsillar herniation, ventricular compression, cerebral oedema, and left elbow fracture.

22.     Subsequently, Ms. Cohen was transferred to the ICU and remained on mechanical ventilation during her hospitalization.  Ultimately, she succumbed to her injuries and died on May 18, 2020.

23.    As originally designed, manufactured, assembled, inspected, tested, equipped, marketed and distributed, the Subject Vehicle's KEY AUTOMOTIVE ADI-D inflator was defective and unreasonably dangerous to foreseeable users and consumers of the Subject Vehicle(s).

24.    The 5AT propellant used in Stage 1 of the KEY AUTOMOTIVE ADI-D inflator is hygroscopic in nature in that it will readily absorb moisture from the environment.

25.    The absorption of moisture into the propellant over time causes inflator rupture in situations where the airbags are commanded to deploy.

26.    To prevent the absorption of moisture, the inflator housing is designed to be hermetically sealed or airtight.

27.     The defect compromised the seal of the KEY AUTOMOTIVE ADI-D inflator installed in the Subject Vehicle, which allowed the propellant to be exposed to moisture over the life of the inflator.

28.     The absorption of moisture in the 5AT propellant can cause an increase in the burn rate of the propellant.

29.     Upon deployment of the driver's airbag during the Incident, the increase in burn rate caused the internal pressure of the inflator housing to reach a point which exceeded the inflator housing's strength and caused the housing to rupture.

30.     The risks posed by the defective KEY AUTOMOTIVE ADI-D inflator could have been eliminated or reduced by providing a properly hermetically sealed inflator housing through proper design and manufacturing processes and quality control measures.

31.     The defective KEY AUTOMOTIVE ADI-D inflator constitutes a Public Hazard pursuant to the Sunshine in Litigation Act, Fla. Sta. § 69.081.

## JURISDICTION, VENUE, AND THE PARTIES

32.     This is a wrongful death and survival action for damages in excess of Fifty Thousand Dollars ($50,000), exclusive of interest and costs.

33.     Venue is proper in this Honorable Court, as a substantial part of the events or omissions giving rise to the causes of action herein occurred in Polk County, including where Defendants conduct business, such as the designing, manufacturing, assembling, inspecting, testing, equipping, marketing, supplying and distributing of the KEY AUTOMOTIVE ADI-D inflator and JOYSON SYSTEMS airbag module in and from Defendants' Lakeland, Florida facilities.

34.     The events of the Incident that occurred in Israel are not in dispute. All issues in dispute with respect to Defendants' liability for Ms. Cohen's injuries and subsequent death arise from

Defendants' activities and omissions in Lakeland, Florida.  Similarly, all related documents and witnesses to said activities and omissions are located in the United States and Polk County, Florida. Filing the instant suit in this Honorable Court is the only proper jurisdiction to obtain the necessary documents, investigate the tortious acts in dispute, and pursue damages against the party Defendants.

35.     At all times relevant herein, Plaintiff Hadari Cohen is and was a citizen and resident of Bay County, State of Florida, residing at 151 Coyote Pass, Panama City Beach, Florida 32407.  As the surviving sister of Ms. (Shirley) Cohen, Plaintiff was appointed by Order as Personal Representative of the Estate of Shirley Cohen in Bartow, Polk County, Florida on February 23, 2022.

36.     Defendant KEY AUTOMOTIVE OF FLORIDA, LLC f/k/a KEY AUTOMOTIVE OF FLORIDA, INC. is a foreign limited liability company with its principal place of business in Lakeland, Florida. Defendant KEY AUTOMOTIVE is subject to the jurisdiction of this Court pursuant to Florida's long-arm statute as enumerated under Florida Rules of Civil Procedure §48.193  because it operates, conducts, engages in, or carries on a business or business venture in the state of Florida; has an office or agency in the state of Florida; committed a tortious act within the state of Florida; caused injury to persons or property within the state of Florida arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Florida in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Florida.  Service of Process on Defendant KEY AUTOMOTIVE may be made on its Registered Agent: NATIONAL REGISTERED AGENTS, INC., 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FLORIDA 33324.

37.     Defendant KEY SAFETY SYSTEMS, INC. d/b/a JOYSON SAFETY SYSTEMS is a foreign for-profit corporation with its principal place of business in Auburn Hills, Michigan. Defendant JOYSON SYSTEMS is subject to the jurisdiction of this Court pursuant to Florida's long-arm statute as enumerated under Florida Rules of Civil Procedure §48.193 because it operates, conducts, engages in, or carries on a business or business venture in the state of Florida; has an office or agency in the state of Florida; committed a tortious act within the state of Florida; caused injury to persons or property within the state of Florida arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Florida in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Florida.  Service of Process on Defendant JOYSON SYSTEMS may be made on its Registered Agent: NATIONAL REGISTERED AGENTS, INC., 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FLORIDA 33324.

## **NATURE OF CLAIMS**

38.     Airbags are a critical component in the safety features of virtually every motor vehicle sold in the United States and throughout the world. Currently, over 30,000 people are killed in motor vehicle accidents each year in the United States. Remarkably, that number is nearly half of what it was in 1966, when over 50,000 Americans died in car crashes. The drastic reduction is, in large part, due to tremendous advances in vehicle occupant safety, including the widespread use of seatbelts and airbags.

39.     In order to prevent serious injury and death resulting from bodily impact with the hard interior surfaces of automobiles like windshields, steering columns, dashboards, and pillars upon a vehicle experiencing a specified change in velocity in a collision, accelerometers and sensors in the vehicle trigger the vehicle airbags to deploy. Because collisions can occur at rates of speed that

can cause serious injury, to be effective, airbags must deploy timely and at appropriate velocity to be effective, but not subject the occupant to additional unnecessary harm. To accomplish this, the airbag system uses a small explosive charge to rapidly inflate the airbags upon being triggered.

40.    When people operate a motor vehicle or ride in one as a passenger, they trust and rely on the manufacturers of those motor vehicles and airbag safety systems and components to make them reasonably safe for foreseeable use.

41.    An automotive component supplier that manufactures and sells airbag modules and/or airbag inflators in automobiles must take all necessary steps to ensure that its products—which frequently means the difference between life and death in an automobile collision—function as designed, specified, promised, and intended.

42.    Defendants designed, manufactured, assembled, tested, marketed, distributed, and sold vehicle restraint systems—such as frontal airbag safety systems—to Alpha Romeo, as well as other car manufacturers. Upon information and belief, this case flows direct from the fact that Defendants' driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator contain a defect that causes airbags to rupture and explode with unreasonably dangerous and excessively concussive force.

43.    Upon information and belief, Ms. Cohen's vehicle contained a driver's side airbag module designed by JOYSON SYSTEMS, which specified and contained an ADI-D inflator manufactured and assembled by KEY AUTOMOTIVE.  Defendants allegedly inspected, tested and equipped the JOYSON SYSTEMS airbag module with KEY AUTOMOTIVE ADI-D inflator and marketed or placed the defective product(s) into the chain of distribution or otherwise conducted a commercial transaction involving the defective product(s).

44.     On the date of the Incident, rather than deploying the airbags to prevent injuries, the defective KEY AUTOMOTIVE ADI-D inflator exploded like a hand-grenade, sending lethal metal shrapnel into the vehicle cockpit and into Ms. Cohen's body.

45.     Upon information and belief, no later than 2010 and at all times relevant herein, Defendants knew or should have known the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator (including the inflator in the Subject Vehicle) were faulty, inferior, non-performing, non-compliant, and dangerous, but nevertheless continued to place them into the stream of commerce for use in automobiles, including the Subject Vehicle.

46.     Upon information and belief, prior to the date of this Incident, Defendants were aware or should have known that similarly designed airbag safety systems have been replaced or recalled.

47.     Upon information and belief, prior to designing, selecting, inspecting, testing, manufacturing, assembling, equipping, marketing, distributing, and/or selling the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, Defendants were aware that there existed alternative driver's frontal airbag system designs, which were safer, more practical and were both technologically and economically feasible for inclusion in the Subject Vehicle. Upon information and belief, these alternative designs would eliminate the defective and unsafe characteristics of the Subject Vehicle's airbag system without impairing its usefulness or making it too expensive.

48.     As originally designed, manufactured, assembled, inspected, tested, equipped, marketed and distributed, the Subject Vehicle's airbag safety system, including the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, was in a defective condition and was unreasonably dangerous to foreseeable users and consumers of the Subject Vehicle.

49.     Ultimately, the injuries sustained by and subsequent death of Ms. Cohen would not have occurred but for the defects present in the Subject Vehicle's JOYSON SYSTEMS driver's side airbag module and defective KEY AUTOMOTIVE ADI-D inflator.

## DAMAGES

50.     As a direct and proximate result of Defendants' negligent acts and omissions and the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, Ms. Cohen suffered the following damages:

      a.   Physical pain and suffering;

      b.   Medical bills;

      c.   Loss of earnings;

      d.   Mental pain and anguish; and

      e.   Such other and further damages as the evidence may show.

51.     As a direct and proximate result of Defendants' negligent acts and omissions and the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, the Estate of Shirley Cohen suffered the following damages:

52.     Funeral expenses;

53.     Medical bills

54.     Past and future lost wages;

55.     Prospective net accumulations of the Estate;

56.     Mental pain and anguish;

57.     Past and future loss of support and services; and

58.     Such other and further damages as the evidence may show.

## CONDITIONS PRECEDENT

59.     All conditions precedent to the bringing of this action and Plaintiff's rights to the relief sought herein have occurred, have been performed or have been excused.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (Negligence, Gross Negligence, Willful and Wanton Conduct:
### (As to Defendant KEY AUTOMOTIVE)

60.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

61.     At all times relevant herein, KEY AUTOMOTIVE designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Vehicle's KEY AUTOMOTIVE ADI-D inflator.

62.     At all times relevant herein, KEY AUTOMOTIVE owed consumers including Ms. Cohen a duty of reasonable care to design, manufacture, select, inspect, test, assemble, equip, market, distribute, and sell the KEY AUTOMOTIVE ADI-D inflator so that it would perform as expected and provide a reasonable degree of occupant protection and safety during foreseeable collisions.

63.     At all times relevant herein, as designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by KEY AUTOMOTIVE, the KEY AUTOMOTIVE ADI-D inflator is and was defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because it did not perform as expected and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable collisions.

64.    At all times relevant herein, KEY AUTOMOTIVE had actual or constructive knowledge of the defective nature of the Subject Vehicle's KEY AUTOMOTIVE ADI-D inflator as designed and manufactured.

65.    At all times relevant herein, KEY AUTOMOTIVE owed consumers including Ms. Cohen a post-sale duty to warn of the risks inherent in the Subject Vehicle's KEY AUTOMOTIVE ADI-D inflator.

66.    At all times relevant herein, KEY AUTOMOTIVE was negligent, grossly negligent, willful, wanton, reckless, and careless and breached the duties of care owed to Ms. Cohen by:

    a.  failing to adopt and implement adequate safety hierarchy procedures and policies;

    b.  failing to design, manufacture, test, assemble, and/or install the KEY AUTOMOTIVE ADI-D inflator so as to prevent it from having excessively energetic propellant, deploying with excessive force, and/or from expelling shrapnel in foreseeable collisions to kill or injure drivers or passengers upon air bag deployment during the same;

    c.  failing to design, manufacture, test, assemble, and/or install the KEY AUTOMOTIVE ADI-D inflator so that it was properly sealed and prevented absorption of moisture within the housing and propellant;

    d.  failing to exercise reasonable care in the design of the KEY AUTOMOTIVE ADI-D inflator;

    e.  failing to exercise reasonable care in manufacture of the KEY AUTOMOTIVE ADI-D inflator;

    f.  failing to exercise reasonable care in the testing of the KEY AUTOMOTIVE ADI-D inflator;

g.  failing to exercise reasonable care in the inspection of the KEY AUTOMOTIVE ADI-D inflator;

h.  failing to adopt and implement adequate warnings regarding the KEY AUTOMOTIVE ADI-D inflator;

i.  failing to incorporate appropriate quality assurance procedures in design and manufacture of the KEY AUTOMOTIVE ADI-D inflator; and

j.  on such other and further particulars as the evidence may show.

67.   As a direct and proximate result of KEY AUTOMOTIVE's negligence and the breaches complained of herein, Ms. Cohen experienced physical pain and suffering, mental anguish, emotional distress, financial loss and ultimately died from the Incident.

68.   As a direct and proximate result of KEY AUTOMOTIVE's negligence and the breaches complained of above, Plaintiff is entitled to the damages set forth herein.

69.   WHEREFORE, Plaintiff demands judgment against Defendant KEY AUTOMOTIVE, jointly and severally, for all actual and compensatory damages suffered together with interest, if applicable, for all costs of this action, for punitive damages, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Negligence, Gross Negligence, Willful and Wanton Conduct: (As to Defendant JOYSON SYSTEMS)

70.   Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

71.   At all times relevant herein, JOYSON SYSTEMS designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Vehicle's JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator.

72.     At all times relevant herein, JOYSON SYSTEMS owed consumers including Ms. Cohen a duty of reasonable care to design, manufacture, select, inspect, test, assemble, equip, market, distribute, and sell the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator so that it would perform as expected and provide a reasonable degree of occupant protection and safety during foreseeable collisions.

73.     At all times relevant herein, as designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by JOYSON SYSTEMS, the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator is and was defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because it did not perform as expected and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable collisions.

74.     At all times relevant herein, JOYSON SYSTEMS had actual or constructive knowledge of the defective nature of the Subject Vehicle's JOYSON SYSTEMS driver's side airbag module as designed and manufactured with the KEY AUTOMOTIVE ADI-D inflator.

75.     At all times relevant herein, JOYSON SYSTEMS owed consumers including Ms. Cohen a post-sale duty to warn of the risks inherent in the Subject Vehicle's JOYSON SYSTEMS driver's side airbag module with the KEY AUTOMOTIVE ADI-D inflator.

76.     At all times relevant herein, JOYSON SYSTEMS was negligent, grossly negligent, willful, wanton, reckless, and careless and breached the duties of care owed to Ms. Cohen by:

    a.  failing to adopt and implement adequate safety hierarchy procedures and policies;

    b.  failing to design, manufacture, test, assemble, and/or install the driver's side airbag system, including the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator, so as to prevent it from having

excessively energetic propellant, deploying with excessive force, and/or from expelling shrapnel in foreseeable collisions to kill or injure drivers or passengers upon air bag deployment during the same;

c.  failing to design, test, assemble, and/or install the driver's side airbag system, including the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator, so that it was properly sealed and prevented absorption of moisture within the housing and propellant;

d.  failing to exercise reasonable care in the design of the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator;

e.  failing to exercise reasonable care in manufacture of the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator;

f.  failing to exercise reasonable care in the testing of the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator;

g.  failing to exercise reasonable care in the inspection of the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator;

h.  failing to adopt and implement adequate warnings regarding the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator;

i.  failing to incorporate appropriate quality assurance procedures in design of the JOYSON SYSTEMS driver's side airbag module with KEY AUTOMOTIVE ADI-D inflator; and

j.  on such other and further particulars as the evidence may show.

17

77.     As a direct and proximate result of JOYSON SYSTEMS' negligence and the breaches complained of herein, Ms. Cohen experienced physical pain and suffering, mental anguish, emotional distress, financial loss and ultimately died from the Incident.

78.     As a direct and proximate result of JOYSON SYSTEMS' negligence and the breaches complained of above, Plaintiff is entitled to the damages set forth herein.

79.     WHEREFORE, Plaintiff demands judgment against Defendant JOYSON SYSTEMS, jointly and severally, for all actual and compensatory damages suffered together with interest, if applicable, for all costs of this action, for punitive damages, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### THIRD CLAIM FOR RELIEF
### (Strict Liability: Manufacturing Defect as to Defendant KEY AUTOMOTIVE)

80.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

81.     At all times relevant herein, KEY AUTOMOTIVE was in the business of and/or was responsible for the manufacture, selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and/or sale of the KEY AUTOMOTIVE ADI-D inflator in the Subject Vehicle.

82.     At all times relevant herein, KEY AUTOMOTIVE placed the KEY AUTOMOTIVE ADI-D inflator into the stream of commerce for profit or was otherwise in the chain of distribution.

83.     At all times relevant herein, the inherent risks posed by the KEY AUTOMOTIVE ADI-D inflator as manufactured exceeded a reasonable person's expectations and outweighed the utility of the inflator.

84.     The manufacturing defect compromised the seal of the KEY AUTOMOTIVE ADI-D inflator installed in the Subject Vehicle, which allowed the propellant to be exposed to moisture over the life of the inflator, and rendered the inflator not reasonably safe.

85.     The absorption of moisture in the 5AT propellant can cause an increase in the burn rate of the propellant. Upon deployment of the driver's side airbag during the Incident, the increase in burn rate caused the internal pressure of the inflator housing to reach a point which exceeded the inflator housing's strength and caused the housing to rupture.

86.     The risks posed by the defective KEY AUTOMOTIVE ADI-D inflator could have been eliminated or reduced by providing a properly hermetically sealed inflator housing through proper manufacturing processes and quality control measures.

87.     Ms. Cohen neither misused nor materially altered the KEY AUTOMOTIVE ADI-D inflator installed in the Subject Vehicle, and at the time of the Incident the inflator was in the same or substantially similar condition that it was in at the time of sale or distribution by Defendant KEY AUTOMOTIVE.

88.     The KEY AUTOMOTIVE ADI-D inflator failed to perform in a manner reasonably expected in light of its nature and intended function during normal use and foreseeable circumstances.

89.     As a direct and proximate result of the defective condition of the KEY AUTOMOTIVE ADI-D inflator, Ms. Cohen experienced physical pain and suffering, mental anguish, emotional distress, financial loss and ultimately died from the Incident.

90.     As a direct and proximate result of the defective condition of the KEY AUTOMOTIVE ADI-D inflator, Plaintiff is entitled to the damages set forth herein.

91.     WHEREFORE, Plaintiff demands judgment against Defendant KEY AUTOMOTIVE, jointly and severally, for all actual and compensatory damages suffered together with interest, if applicable, for all costs of this action, for punitive damages, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Strict Liability: Design Defect as to Both Defendants)**

92.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

93.     At all times relevant herein, Defendants were in the business of and/or were responsible for the selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and/or sale of airbag safety systems, including the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator in the Subject Vehicle.

94.     At all times relevant herein, Defendants placed the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator into the stream of commerce for profit or was otherwise in the chain of distribution.

95.     At all times relevant herein, the inherent risks posed by the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator as designed exceeded a reasonable person's expectations and outweighed the utility of the product.

96.     The design defect compromised the seal of the KEY AUTOMOTIVE ADI-D inflator housing within the JOYSON SYSTEMS driver's side airbag module installed in the Subject Vehicle, which allowed the propellant to be exposed to moisture over the life of the inflator, and rendered the driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator not reasonably safe.

97.     The absorption of moisture in the 5AT propellant can cause an increase in the burn rate of the propellant. Upon deployment of the driver's airbag during the Incident, the increase in burn rate caused the internal pressure of the inflator housing to reach a point which exceeded the inflator housing's strength and caused the housing to rupture.

98.     The risks posed by the defective driver's side airbag module and defective inflator could have been eliminated or reduced by providing through design a properly hermetically sealed inflator housing.

99.     Ms. Cohen neither misused nor materially altered the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator installed in the Subject Vehicle, and at the time of the Incident they were in the same or substantially similar condition as the time of sale or distribution by Defendants.

100.    The JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator failed to perform in a manner reasonably expected in light of the intended function during normal use and foreseeable circumstances.

101.    As a direct and proximate result of the defective condition of the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, Ms. Cohen experienced physical pain and suffering, mental anguish, emotional distress, financial loss and ultimately died from the Incident.

102.    As a direct and proximate result of the defective condition of the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, Plaintiff is entitled to the damages set forth herein.

103.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all actual and compensatory damages suffered together with interest, if applicable, for all costs of

this action, for punitive damages, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## FIFTH CLAIM FOR RELIEF
### (Strict Liability: Failure to Warn as to Both Defendants)

104.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

105.    At all times relevant herein, Defendants knew or should have known that the Subject Vehicle's driver's side airbag module contained an excessively energetic inflator that would deploy with excessive explosive force in foreseeable collisions, as well as expel shrapnel that could injure or kill occupants.

106.    At all times relevant herein, Defendants had no reason to believe that consumers such as Ms. Cohen would realize this potential danger.

107.    At all times relevant herein, Defendants affirmatively failed to warn consumers including Ms. Cohen of the Subject Vehicle's dangerous condition created by the excessively energetic inflator in the driver's side frontal airbag system or explosive nature of the inflator that could expel shrapnel, thereby rending the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator defective.

108.    As a direct and proximate result of the defective condition of the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, Ms. Cohen experienced physical pain and suffering, mental anguish, emotional distress, financial loss and ultimately died from the Incident.

109.    As a direct and proximate result of the defective condition of the JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, Plaintiff is entitled to the damages set forth herein.

110.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all actual and compensatory damages suffered together with interest, if applicable, for all costs of this action, for punitive damages, and for any other such further relief as this Honorable Court and/or jury may deem just and proper

**SIXTH CLAIM FOR RELIEF**
**<u>(Wrongful Death as to Both Defendants)</u>**

111.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

112.    As a direct and proximate result of the negligence, grossly negligent, wilful, wanton and careless acts and/or omissions of Defendants and the defective JOYSON SYSTEMS driver's side airbag module and KEY AUTOMOTIVE ADI-D inflator, Ms. Cohen lost her life and suffered damages, including but not limited to physical pain and suffering, mental anguish, loss of income, and medical bills, in the Incident occurring on May 11, 2020.

113.    Had death not ensued on May 18, 2020, Decedent Ms. Cohen would have been entitled to maintain a personal injury action against Defendants to recover damages.

114.    As the surviving sister of Ms. (Shirley) Cohen, Plaintiff was appointed by Order as Personal Representative of the Estate of Shirley Cohen in Bartow, Polk County, Florida on February 23, 2022, and is the proper party Plaintiff to bring this wrongful death action against the Defendants for the damages suffered by the Estate of Shirley Cohen, including Ms. Cohen's mother, brother and sister.

115.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all actual and compensatory damages suffered together with interest, if applicable, for all costs of this action, for punitive damages, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## **PRAYER FOR RELIEF**

Plaintiff prays as follows:

a.  For a trial by jury and judgment against the Defendants for such sums as actual and other compensatory damages in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court.

b.  For exemplary and punitive damages against Defendants in an amount as a jury may determine to halt and deter such conduct.

c.  For the costs of this suit, including attorney's fees, expenses, and interest.

d.  For such other and further relief to which Plaintiff may be entitled and as this Honorable Court may deem just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

Dated:  March 18, 2022.


Respectfully submitted,


By:/s/T. David Hoyle_____

**MOTLEY RICE LLC**
T. David Hoyle, Esq. (Florida Bar #55006)

24

Kevin R. Dean, Esq. (request to be admitted *pro hac vice* to follow)
W. Christopher Swett, Esq. (request to be admitted *pro hac vice* to follow)
John David O'Neill, Esq. (request to be admitted *pro hac vice* to follow)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
Fax: (843) 216-9450
dhoyle@motleyrice.com
kdean@motleyrice.com
cswett@motleyrice.com
jdoneill@motleyrice.com

**THE ROTHENBERG LAW FIRM LLP**

Marc J. Rothenberg, Esq. (request to be admitted *pro hac vice* to follow)
450 Seventh Avenue, 44th Floor
New York, New York 10123
Phone: (212) 563-0100
Fax: (212-629-6813
marc@injurylawyer.com


*ATTORNEYS FOR THE PLAINTIFF*