UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HADARI COHEN,

    Plaintiff,

v.                                                                    CASE NO. 8:22-cv-866-SDM-TGW

KEY SAFETY SYSTEMS, INC., and
KEY AUTOMOTIVE OF
FLORIDA, LLC,

    Defendants.
_____/

## ORDER

Alleging that a defect in the defendants' airbag inflator caused her sister's death in Israel, the plaintiff sues (Doc. 1-1) for negligence and strict products liability. Arguing that the action should continue in Israel, the defendants moved (Doc. 33) to dismiss the action under *forum non conveniens*. "Because Israel cannot exercise jurisdiction over 'the litigation sought to be transferred'" or "'the subject matter of the litigation,'" a March 17, 2023 order (Doc. 49 at 17) concludes that Israel is not an "available alternative forum" and denies the motion to dismiss. The defendants move (Doc. 51) under 28 U.S.C. § 1292 to amend the March order to certify the order for interlocutory appeal.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the

order may materially advance the ultimate termination of the litigation." A substantial ground for difference of opinion requires "substantial doubt as to how" a controlling legal issue "should be decided." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004). In other words, the party requesting interlocutory appeal must demonstrate a "substantial dispute about the correctness of [a legal] premise" on which the order rests. *McFarlin*, 381 F.3d at 1259; *see Davis v. City of Apopka*, 2019 WL 9832059, at *3 (M.D. Fla. 2019) ("For there to be a substantial difference [of opinion] the [movant] must show that at least two courts interpreted the legal principal differently."). Substantial grounds for difference of opinion might exist if the order rests on a legal premise (1) that is "difficult and of first impression," (2) on which district courts within the circuit are divided, or (3) on which other circuit courts are divided. *Consumer Fin. Prot. Bureau v. Fredrick J. Hanna & Assoc., P.C.*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015).

    The defendants insist that the order warrants interlocutory appeal because "there is substantial grounds for difference of opinion" about whether an alternative forum remains available and adequate, even if the forum "does not mirror the American system of civil litigation." To support this assertion, the defendants identify no new decisions and instead rely on the same four decisions cited in the motion to dismiss: *Imamura v. General Electric*, 957 F.3d 98 (1st Cir. 2020); *Veljkovic v. Carlson Hotels, Inc.*, 857 F.3d 754 (7th Cir. 2017); *Tang v. Synutra International*, 656 F.3d 242 (4th Cir. 2011); and *Lueck v. Sundstrand*, 236 F.3d 1137 (9th Cir. 2001).

Attempting to demonstrate a substantial ground for difference of opinion, the defendants misconstrue the question of law controlling this action. Contrary to the defendant's assertion, no court debates whether an alternative forum might remain available and adequate despite "not mirror[ing] the American system of civil litigation." (Doc. 54 at 4) *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), conclusively and affirmatively answers the question — a foreign country need not offer the same litigation system as the United States to constitute an available and adequate alternative forum. Rather than answer the question posed by the defendants, the March order answers whether Israel is available despite Israel's prohibiting the resolution (judicial or otherwise) of "any part of [this] tort action against these or any other defendants." (Doc. 49 at 14)

The March order applies the binding precedent in *Piper Aircraft*, 545 U.S. at 254 n.22, and in *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009), to a specific foreign country, Israel, and concludes that Israel's no-fault insurance regime prohibits resolution of this action or the subject matter of this action and thus renders Israel "unavailable." The four decisions cited by the defendants — each discussing the "availability" of another foreign country — are not incompatible with the order.* (Doc. 49 at 14) ("[E]ach decision is inapposite because

---

* And even if, as the defendants insist, the March order conflicts with the cited decisions, *Aldana* controls the March order's result. (Doc. 49 at 14) Conflicting persuasive authority "supports a substantial difference of opinion only if the controlling circuit 'has not commented on the conflicting issue.'" *Weister v. Vantage Point AI, LLC*, 2022 WL 7026495, at *2 (M.D. Fla. 2022) (quoting *Lord v. Senex Law, P.C.*, 2022 WL 97046, at *6 (W.D. Va. 2022)). Because the March order rests on binding precedent about a foreign country's "availability," "no substantial grounds for a difference of

(continued…)

- 3 -

in each decision the alternative forum exercises jurisdiction over the subject matter of the action, if not the same action.") And the order is compatible with other decisions resolving the availability of other foreign countries. *See, e.g.*, *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 425 n.7 (1st Cir. 1991) ("[I]t is incumbent upon the defendant moving for dismissal on *forum non conveniens* grounds to establish that there is a meaningful cause of action available in the proposed alternative forum.").

Because the defendants identify no decision establishing that a foreign country remains available despite prohibiting resolution of the pending action or the subject matter of the pending action, no substantial ground for a difference of opinion exists. For this reason and for other reasons in the plaintiff's response (Doc. 54), the motion (Doc. 51) to certify an interlocutory appeal is **DENIED**.

ORDERED in Tampa, Florida, on July 31, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

opinion exists and there is no reason for an immediate appeal." *Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072, at *4 (N.D. Ill. 1996); *See McFarlin v. Conseco Servs., LLC* 381 F.3d 1251, 1258 (11th Cir. 2004) (noting that "the 'substantial ground for difference of opinion requirement' could not be met" if "the resolution of [the legal issue] is so clear" because of binding circuit precedent); *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) ("[W]e view the relevant inquiry to be whether there is a circuit split on a question that *our own circuit has not answered*. Where our circuit has answered the question, the district court is bound by our published authority. And so are we.") (emphasis in original).